# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7495 | **DATE** | 3/19/2004 |
| **CASE TITLE** | Connie Coleman, et al vs. Buchheit,, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court grants Defendant's motion to transfer venue [8-1]. This case is hereby transferred to the Central District of Illinois.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 22 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CONNIE COLEMAN, and<br>SARA LYONS, | ) | |
| | ) | |
| Plaintiffs, | ) | 03 C 7495 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| BUCHHEIT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

PROCESSED

MAR 2 2 2004

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Buchheit, Inc.'s ("Buchheit") Motion to Transfer Venue

pursuant to 29 U.S.C. § 1404(a) to the Central District of Illinois, Springfield Division. For

the reasons set forth below, Defendant's motion is granted.


## BACKGROUND FACTS

Plaintiffs Connie Coleman and Sara Lyons, residents of the Central District of Illinois,

and former employees of Defendant, brought this discrimination action under Title VII of the

Civil Rights Act, 42 U.S.C. § 2000e as amended. Plaintiffs allege they were subjected to

continued sexual harassment by a supervisor and that Defendant condoned this harassment,

failed to maintain a harassment-free work environment, failed to take corrective action against

the alleged harasser, and retaliated against Plaintiffs during their employment at Defendant's

retail store in Jacksonville, Illinois. Defendant's headquarters, main offices and warehouse

are located in Biehle, Missouri. Defendant Buchheit now brings this motion to transfer venue

from the Northern District of Illinois to the Central District of Illinois.



## DISCUSSION

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district court, where it may have been brought "[f]or the convenience of parties and witnesses" and "in the interest of justice." Transfer is appropriate where the moving party clearly demonstrates that (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interests of justice. *Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899, 901-02 (N.D. Ill. 2001). The parties do not dispute that venue is proper in both this Court and the Central District of Illinois. Therefore, this Court will only address the third prong for appropriate transfer.

### 1. Convenience of the Parties and Witnesses

When evaluating the convenience of the parties and witnesses, the Court considers: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses, and (5) the convenience to the parties. *Id.* at 902.

#### a. Plaintiff's choice of forum and situs of material events

A plaintiff's choice of forum generally carries substantial weight. *Schwarz v. Nat'l Van Lines, Inc.*, No. 03 C 7096, 2004 U.S. Dist. LEXIS 2738, at *14 (N.D. Ill. Feb. 23, 2004). However, where the plaintiffs do not reside in their chosen forum and where the plaintiffs' choice of forum is not the site of material events, the deference the court affords this choice is fundamentally minimized. *Childress v. Ford Motor Co.*, No. 03 C 3656, 2003 U.S. Dist. LEXIS 22757, at *7 (N.D. Ill. Dec. 16, 2003). Therefore, the Court analyzes these first two factors together.

2

Here, Plaintiffs acknowledge they do not reside in the Northern District. They further acknowledge that none of the material events leading up to this litigation occurred within the Northern District. Therefore, Plaintiffs' choice of forum has minimal weight. When balanced with the other factors, it is insufficient to conclude that transfer to the Central District is unwarranted.

**b.  Access to Proof and Convenience to the Witnesses**

Courts in this district often view the convenience of witnesses as the most important factor in the transfer balance. *Brandon Apparel Group, Inc. v. Quitman Mfg Co.*, 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999). Plaintiffs are correct in their assertion that courts generally assign little weight to the location of employee witnesses, as they are under the control of the parties themselves. *Applied Web Sys., Inc. v. Catalytic Combustion Corp.*, No. 90 C 4411, 1991 U.S. Dist. LEXIS 5696, at *13 (N.D. Ill. Apr. 26, 1991). Rather, courts look to the nature and quality of the witnesses' testimony with respect to the issues of the case. *Schwarz*, 2004 U.S. Dist. LEXIS 2738, at *16. Therefore, the resolution of this issue hinges on the relative inconvenience of non-party witnesses with significant testimony, and the location of relevant documents and sources of proof. *Applied Web Sys.*, 1991 U.S. Dist. LEXIS 5696, at *14. As such, this court will analyze the elements of ease of access to proof and convenience to witnesses together.

The alleged misconduct occurred wholly in the Central District of Illinois at a company that is headquartered in Missouri. Therefore, any documents relevant to both Plaintiffs and Defendant are maintained either in the Central District or in Missouri. While the Plaintiffs do not dispute this, they claim "the Seventh Circuit has held that documents can easily be brought to the transferor district." (Pl.'s Resp. at 3.) Their reliance on the cases

3

cited is erroneous. Neither *Chemical Waste Management, Inc. v. Sims*, 807 F. Supp. 870 (N.D. Ill. 1994), nor *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770 (N.D. Ill. 1998), the cases on which Plaintiffs rely, are Seventh Circuit decisions, and therefore they merely serve as persuasive authority. In addition, the courts in both of these cases ruled that relevant documents could easily be brought to the transferor district based on the facts of the case and not as a general rule. *See Chem. Waste Mgmt.*, 807 F. Supp at 20; *Hanley*, 6 F. Supp at 775. In addition, Plaintiffs do not present any arguments that the parties would be in any better position to obtain access to documents if the case were to remain in this District. *See Childress*, 2003 U.S. Dist. LEXIS 22757, at *14.

Plaintiffs further claim that "[n]o matter where this trial will be held both parties will be inconvenienced" because of the location of personnel files and records of the alleged investigations. (Pl.'s Resp. at 4.) This is simply not true. Trying this case in the Central District would inconvenience only Plaintiffs' counsel, who themselves have acknowledged that courts in this district do not consider the inconvenience of counsel as a factor. (*Id.*) Accordingly, the access to sources of proof factor regarding relevant documents favors neither party's positions.

In light of the significant testimony that will be provided by the non-party witnesses, "it is important to consider which forum will be more convenient for those individuals." *Childress*, 2003 U.S. Dist. LEXIS 22757, at *12. Defendant has named a number of non-party witnesses who reside in the Central District. This list includes the alleged harasser, a former employee, whom Plaintiffs may call to corroborate their claims and Defendant may call to rebut them. This list also includes a former supervisor, to whom Plaintiffs allege they complained about the harassment. Defendant claims this former supervisor has "personal

knowledge concerning Buchheit management's knowledge of and response to allegations of sexual harassment." This testimony goes to the heart of Plaintiffs' complaint and therefore has the significance that the Court looks to in determining convenience. Plaintiffs, on the other hand, have neither named a single witness who resides in the Northern District nor presented facts to suggest it would be more convenient for any witnesses to testify in this district rather than the Central District. *See id.* In sum, the Central District is naturally more convenient for both parties' witnesses, and this factor strongly favors transfer.

### c.    Convenience to the Parties

The Central District is clearly more convenient for Defendant. However, a defendant cannot use a motion to transfer simply to "shift the one party's inconvenience onto another party." *IP Innovation L.L.C. v. Lexmark Int'l, Inc.*, 289 F. Supp. 2d 952, 955 (N.D. Ill. 2003). A shift of inconvenience is not likely in this case. Plaintiffs live in the Central District. Litigating in their home forum would save the Plaintiffs the time and expense required to travel to the Northern District. Therefore, the Central District appears to be more convenient for Plaintiffs as well.

Because there is no shift of inconvenience here, Plaintiffs' reliance on *Applied Web Systems*, 1991 U.S. Dist. LEXIS 5696, at *10, and *Certain v. Aegon USA Inv. Mgmt., Inc.*, 98 C 3015, 1999 U.S. Dist. LEXIS 500, at *11 (N.D. Ill. Jan. 12, 1999), is misguided. (Pl.'s Resp. at 7.) In each case, the court did not use the distance between two courthouses as evidence justifying denial of a motion to transfer and, rather, compares the distance merely to show that an "insignificant" mileage difference lessens the weight of the component. *Certain*, 1999 U.S. Dist. LEXIS 500, at *11; *Applied Web Sys.*, 1991 U.S. Dist. LEXIS 5696, at *10. However, because transfer is convenient for both parties here, the significance of the

mileage difference holds no consideration.

Plaintiffs' claim that Defendant is "fully capable of litigating in this forum with out [sic] significant inconvenience" also is unpersuasive. (Pl.'s Resp. at 8.) Plaintiffs argue Defendant has demonstrated its ability to litigate in this court because it has acquired the services of local counsel and has attended a number of hearings. (*Id.*) Although Plaintiffs are correct, Defendant's actions are not determinative with regard to this factor because Defendant is required to retain local counsel in the Northern District. LR83.15. Accordingly, Defendant should not be penalized for its decision to follow the rules of this District. Because the Central District would be a more convenient forum for both parties, this element weighs in favor of transfer.

## 2.    Interest of Justice

The Court must also examine whether transfer to the Central District is in the interest of justice. Factors for this determination include: (1) the speed at which the case will proceed to trial; (2) the court's familiarity with applicable law; (3) the desirability of resolving controversies in each locale; and (4) the relation of each community to the occurrence at issue. *Childress*, 2003 U.S. Dist. LEXIS 22757, at *15-16; *Doage v. Bd. of Regents*, 950 F. Supp. 258, 262 (N.D. Ill. 1997). In this case, the first two factors do not weigh in favor of or against transfer. However, the Court finds that the last two factors weigh heavily in favor of transfer.

The time difference between filing to disposition between the two districts is less than three months in favor of the Northern District. The time difference between filing to trial is two-and-a-half months in favor of the Central District. The Court is satisfied these

6

differences would not greatly affect the speed at which the case would proceed to trial. In addition, there is no question that the Central District is equally familiar with the applicable law. Therefore, these factors do not weigh in either party's favor.

It is a goal of the federal court system "to allow members of the community from which the controversy arose to sit on the jury panel and decide the community-related case." *Doage*, 950 F. Supp at 260. This case revolves involves alleged incidents committed by an employer located in the Central District against former employees who also reside in the Central District. Clearly, the members of the Central District community are entitled to decide this dispute between fellow members of the community.

Plaintiffs claim *Doage* is distinguishable here because it involved Illinois State University ("ISU"), a major employer and attraction of the Central District, and this case involves an employer with only two retail stores in the community. *Id.* The *Doage* court granted transfer based on details nearly identical to those of the case at hand. The dispute involved an employee and employer residing in the Central District of Illinois, and all relevant alleged acts occurred within the district. *See id.* at 262. The fact that ISU is a larger employer than Defendant does not minimize the community's right to decide a discrimination action involving one of its employers and two of its residents. Plaintiffs' understanding of the *Doage* court reasoning is simply too narrow. Litigating in the Central District will serve the interest of justice by allowing members of the community from which the controversy arose to decide this case. Therefore, this element strongly favors transfer.

In sum, after weighing all of the factors, the Court finds that a transfer to the Central District is proper. The Court thus grants defendant's motion to transfer.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to transfer venue [doc.

no. 8-1]. This case is hereby transferred to the Central District of Illinois.

**SO ORDERED**                                  **ENTERED:** 3/19/04

HON. RONALD A. GUZMAN
United States Judge